UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
_____
                               :
TERESSA SHAKER,                :
                               :
         Plaintiff,            :
                               :
v.                             :   Civil No. 3:02CV01401(AWT)
                               :
WINCHESTER BOARD OF EDUCATION, :
                               :
         Defendant.            :
_____:
```

**ENDORSEMENT ORDER**

For the reasons set forth below, Defendant's Motion for Partial Summary Judgment (Doc. No. 23) is hereby GRANTED in part and DENIED in part.

**I.  Claim for Overtime Compensation**

The defendant's motion is being granted, as to both the federal and state law claims, with respect to claims for overtime pay for periods prior to August 13, 2002.  The plaintiff argues that this case reflects the "sort of continuous course of conduct which tolls the running of the statute of limitations until the last act in that course of conduct," but the authority cited by the plaintiff does not support that contention.  (Pl.'s Opp'n to Summ. J. Mot. at 5 (Doc. No. 28).)  In addition, the only evidence in the record shows that the plaintiff did not file a claim with the Connecticut Department of Labor that would have tolled the running of the statute of limitations.

## II. Claim for Retaliation for Complaining about the Defendant's Failure to Pay Legally Required Wages

The Partial Motion for Summary Judgment is being granted as to this claim. The plaintiff does not directly address this claim in her opposition, and the record shows that the plaintiff never filed any wage complaint with the Connecticut Department of Labor, including any alleging that the defendant retaliated against her for filing a wage complaint.

## III. Claim for Termination in Violation of Public Policy

The Motion for Partial Summary Judgment is being granted, because the plaintiff has an otherwise available remedy, to the extent that the plaintiff seeks to support this claim with allegations that she was fired because of her sex or because she exercised her First Amendment right of free speech by complaining about the defendant's failure to pay her overtime wages. However, to the extent that the claim is based on the plaintiff's contention that she was fired for political reasons unrelated to her job performance, contrary to the spirit of the local civil service regulations, the motion is being denied because genuine issues of material fact exist.

## IV. Claim that the Defendant Subjected the Plaintiff to Adverse Employment Action Because of Her Exercise of Speech on Matters of Public Concern Protected by the First Amendment

The Motion for Partial Summary Judgment is being granted as to this claim because the plaintiff's speech did not address

matters of public concern.  Rather, the plaintiff's speech concerned only personal matters, i.e. the classification of her work and her entitlement to overtime wages.  Although the plaintiff argues that she was fired because she filed a complaint with the Connecticut Department of Labor concerning the defendant's habitual and intentional violation of state labor laws, the record shows that the plaintiff never filed such a complaint.

### V. The Plaintiff's Claim for Sex Discrimination in Violation of Title VII and the Equal Protection Clause

The Motion for Partial Summary Judgment with respect to the claim for sex discrimination in violation of the Equal Protection Clause and Title VII is being denied because there are genuine issues of material fact as to whether the defendant's non-discriminatory explanation given for the adverse employment action is unworthy of credence and, if so, the trier of fact could reasonably infer from falsity of the explanation a discriminatory purpose. Also, the court notes that the equal protection claim in Paragraph 17 of the Amended Complaint is not alleged to be based on a claim of sex discrimination.

It is so ordered.

Dated this 21st day of March, 2005, at Hartford, Connecticut.

/s/AWT

Alvin W. Thompson
United States District Judge